NO.
12-09-00398-CR

            

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

JESSICA
JAYNE BARNES,                             §                 APPEAL FROM THE
241ST

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

            Jessica
Jayne Barnes appeals her conviction for aggravated assault with a deadly
weapon. Appellant’s counsel filed a brief in compliance with Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro
se brief.  We dismiss the appeal.

 

Background

In
2006, Appellant was charged by indictment with aggravated assault with a deadly
weapon.  After a trial, the jury found Appellant guilty and sentenced Appellant
to three years of imprisonment, suspended for a ten year community supervision
period.  In 2009, the State filed an application to revoke Appellant’s
community supervision on five grounds.  Appellant pleaded “true” to all of
those grounds except one.  At the hearing on the application to revoke, the
State called Appellant’s community supervision officer and offered further
evidence of Appellant’s community supervision violations.  At the conclusion of
the hearing, the trial court found all five grounds to be “true,” revoked
Appellant’s community supervision, and imposed a sentence of three years of
imprisonment.  This appeal followed. 

 

Analysis
pursuant to Anders v. California

Appellant’s
counsel filed a brief in compliance with Anders and Gainous,
stating that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error
upon which an appeal can be predicated.  From our review of Appellant’s brief,
it is apparent that her counsel is well acquainted with the facts in this
case.  In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel’s brief
presents a chronological summation of the procedural history of the case, and
further states that counsel is unable to raise any arguable issues for appeal.

Appellant
filed a pro se brief in which she raised six issues concerning the sufficiency
of the evidence to revoke her community supervision, due process, the
voluntariness of her plea of “true” to the State’s application to revoke her
community supervision, an alleged alteration of her plea of “true,” the trial
court’s failure to orally make a deadly weapon finding, and ineffective
assistance of counsel.  We have considered counsel’s brief and Appellant’s pro
se brief and have conducted our own independent review of the record.  We found
no reversible error.  See Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005).

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We agree with Appellant’s counsel that the appeal is wholly
frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and the appeal is dismissed.  See In re Schulman,
252 S.W.3d at 408–09.

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, she must either retain an attorney to
file a petition for discretionary review or she must file a pro se petition for
discretionary review.  See In re Schulman, 252 S.W.3d at 408 n.22. 
Any petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3; In re
Schulman, 252 S.W.3d at 408 n.22.  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex. R.
App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.

Opinion
delivered May 31, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)